UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERLA NEPHTALI GOMEZ LINARES,
(A No. 075 124 543),

        Petitioner,

    v.

CHRISTOPHER CHESTNUT, et al.,

        Respondents.

No.  1:26-cv-4105 DC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, an Immigration and Customs Enforcement (ICE) detainee has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  She is housed at the California City Ice Detention Facility (Cal. City).  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).  For the reasons which follow, the court recommends that a writ of habeas corpus be GRANTED.

I. Background

Petitioner, a native and citizen of Mexico, entered the United States without authorization in 1981 when she was 4 and has resided in the United States ever since.  ECF No. 5-1 at 1; No 1 at 2.  On March 2, 2026, petitioner was convicted for driving under the influence (DUI) in Shasta County, sentenced to 2 days in jail and 36-months' probation.  ECF No. 5-2 at 11.  On May 11, 2026, petitioner was arrested by ICE officers after she appeared for proceedings at the Shasta

1

County Courthouse.  ECF No. 1 at 2, 10.[1]  On that day she was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered to appear for removal proceedings on May 27, 2026.  ECF No. 1- 2.  The status of the removal proceedings is not clear.  Petitioner has been in ICE detention since May 11.  ECF No. 1 at 2.  Petitioner has not been provided any review by an immigration judge as to the appropriateness of arrest and / or detention.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Petitioner's Rights Under 8 U.S.C. 1226(a)

Respondent claims petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  As the court recently held in Puac v. Warden, Cal. City ICE Det. Facility, No 1:26-cv-1388 TLN CKD P, 2026 WL 1133274, *2 (E.D. Cal. April 27, 2026), 8 U.S.C. § 1226, rather than § 1225, applies to individuals such as petitioner who were arrested inside the United States as opposed to at the border around the time of entry.  Accord Lopez-Campos v, Raycraft, 175 F.4th 713, (6th Cir. 2026) ("§ 1226 applies to aliens already present in the United States and creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for

---

[1] Petitioner claims she appeared at the Shasta County Courthouse that day to show proof of enrollment in a DUI Prevention Education Program.  ECF No. 1 at 2, 10.  Respondents claim petitioner appearance was related to allegedly outstanding charges for child abuse.  ECF No. 5-1 at 2.  Petitioner claims that any charges related to her being arrested for child abuse were dismissed as part of her agreeing to plead guilty to DUI.  ECF No. 3-4.

2

their arrest and detention pending removal proceedings") (internal quotations omitted); Fernandez Alvarez v. Warden, Fed. Det. Cntr. Miami, 174 F.4th 1258, 1281 (11th Cir. 2026) ("§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior"); Barbosa da Cunha v. Freden, 175 F.4th 61, 71-72 (2nd Cir. 2026) (8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings. After arrest, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). If the arrestee wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

IV.    Remedy

In light of the foregoing, the court will recommend respondents be ordered to provide a bond and custody redetermination hearing. At the hearing, petitioner bears the burden of establishing that she is not a flight disk or a danger to the community. See Rodriguez Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022) (holding that § 1226(a), which places the burden of proof on the detainee at a bond hearing, is constitutionally adequate); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, *8 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026).

Alternative to a bond hearing, petitioner seeks outright release.  The district court judge assigned to this case has found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, such as petitioner, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release.  Chateauneuf v. Chestnut, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release.").  The court finds that petitioner's DUI conviction constitutes changed circumstance providing a potentially non-pretextual basis for detention.  Therefore, the proper remedy here is bond hearing as opposed to release.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. A writ of habeas corpus be GRANTED.

2. Respondent be ordered to provide petitioner a bond hearing where petitioner will be entitled to release from custody if she can show she is neither dangerous, nor a flight risk.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **7 days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **7 days** after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 29, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lina4105.imm.frs

4