UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

PERLA NEPHTALI GOMEZ LINARES,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-04105-DC-CKD (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 7)

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 30, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 7.) On July 7, 2026, Respondents filed objections to the findings and recommendations, merely stating that they generally objected "for the reasons stated in [their] prior pleadings." (Doc. No. 8.) That same day, Petitioner filed objections, objecting to the relief recommended and arguing that immediate release should be ordered instead of a bond hearing. (Doc. No. 9.)

Respondents' arguments were already addressed by the magistrate judge, and the court has reviewed the parties' filings and finds the findings and recommendations to be supported by

the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody.[1] *See, e.g.*, *Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-CV-01108-DC-CKD (HC), 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. No. 7) are ADOPTED IN PART;

2. Petitioner Perla Nephtali Gomez Linares's (A-075-124-543) writ of habeas corpus is GRANTED;

---

[1] The magistrate judge concluded that "the proper remedy here is bond hearing as opposed to release" because "[P]etitioner's DUI conviction constitutes changed circumstance providing a potentially non-pretextual basis for detention." (Doc. No. 7 at 4.) However, Petitioner was arrested for that DUI on April 26, 2025, and was convicted on March 2, 2026, for which she served 2 days in jail. (Doc. Nos. 5-1 at 3; 5-2 at 11–12.) These incidents occurred more than 12 months and 3 months, respectively, before Petitioner's immigration detention on May 11, 2026. (Doc. Nos. 5-1 at 3; 5-2.) Further, although Respondents assert in their answer to the petition that Petitioner "was targeted by immigration officers for an immigration enforcement action based on pending criminal charges," Respondents have not provided any documentation to support their assertion that Petitioner was detained on May 11, 2026, based on *pending* criminal charges. (Doc. Nos. 5 at 2; 5-1; 5-2.) Petitioner's 2025 arrest and related 2026 conviction—which preceded her immigration detention by several months—do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) (finding post-deprivation bond hearing, not immediate release, to be the proper remedy where the petitioner was detained immediately following her arrest).

a. Respondents shall IMMEDIATELY RELEASE Petitioner from their custody;

b. Upon her release, Respondents shall not impose any additional restriction on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

c. Respondents shall RETURN all of Petitioner's documents and possessions upon her release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide her with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that she is not a flight risk or a risk to community safety;

3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Dena Coggins
United States District Judge